UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DON, Individually, and on behalf of those persons similarly situated,<br><br>   Plaintiff,<br><br> vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; WEDNER INSURANCE GROUP, INC. dba THE MORTON WEDNER INSURANCE AGENCY, and DOES 1-30,<br><br>   Defendants. | Case No. CV 13-4502-DSF (VBKx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>*Discovery Matter Referred to Magistrate Judge Victor B. Kenton*<br><br>[Filed concurrently with Stipulation Re: Protective Order] |

1 Plaintiff Ruben Don and Defendants Unum Life Insurance Company of America and Wedner Insurance Group Inc. (collectively, the "Parties") agree that disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties, through their attorneys of record, and for good cause, hereby stipulate to, and petition the Court to enter the following Stipulated Protective Order ("Order").

1. "Confidential" Materials. "Confidential" materials are documents or information that fall within one of more of the following categories: (a) information that reveals trade secrets; (b) proprietary research, technical, commercial, or financial information; (c) personal identity information; or (d) medical information concerning any individual. Information or documents that are available to the public may not be designated as "Confidential." A party disclosing or producing the information, documents or things that it believes to be "Confidential" may designate the same as "Confidential" or by using some similar designation, or by designating in writing (by correspondence or otherwise) that some or all documents produced are "Confidential." A party shall make the designation of "Confidential" only as to material which that party reasonably and in good faith believes is confidential and entitled to protection under Federal Rule of Civil Procedure 26(c). Any such designation shall be made at the time answers to interrogatories or answers to requests for production are served; or at the time that tangible things or copies of the documents are furnished to a party conducting such discovery. If upon review any party believes that any documents, information, or tangible items designated by a designating party are not "Confidential" as defined herein above, then the party may challenge such designation under the procedures set forth in paragraph 12 below.

  2. <u>Scope of "Confidential" Designation</u>.  The special treatment accorded the documents designated "Confidential" under this Order shall reach:

  (a) All documents designated "Confidential" under the terms of this Order;

  (b) All copies of such documents;

  (c) Any deposition transcript or exhibit, or portion thereof, that discusses such documents;

  (d) Any portion of any discovery answer or response, affidavit, declaration, brief or other paper, filed with the Court, or as an exhibit to such paper that discusses such documents;

  (e) Any deposition transcript or portion thereof that is designated "Confidential" under the terms of this Order; and

  (f) All information contained in such documents or depositions.

  3. <u>Restrictions on Disclosure of "Confidential" Materials</u>.  Except with written prior consent of all parties and except as provided elsewhere in this Order, all materials produced in this suit that are designated "Confidential" shall be used solely for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions.  Materials designated "Confidential," and all information in them, may not be disclosed, divulged, revealed, described, paraphrased, quoted, transmitted, disseminated or otherwise communicated to any person other than:

  (a) The parties to this litigation or Court personnel;

  (b) Counsel for parties in this suit;

  (c) Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit;

  (d) Actual or potential deposition or trial witnesses to testify concerning the suit;

(e) Outside consultants and experts retained for the purposes of assisting counsel and the parties in the prosecution and/or defense of this suit.

4. <u>Certification of Compliance</u>. No person authorized to receive access to "Confidential" materials under the terms of this Order (except for those persons identified in paragraph 3(a)-(c) of this Order) shall be granted access to them until such person has read this Order and agreed in writing to be bound by it pursuant to the form attached to the Order as Exhibit 1. These written agreements (in the form of Exhibit 1) shall be maintained by counsel for the parties and made available upon Order of the Court to any party.

5. <u>Use of "Confidential" Materials at Depositions.</u> Any "Confidential" materials marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to "Confidential" materials at a deposition, at the request of the party asserting confidentiality, the portion of the deposition transcript that relates to such documents or information shall be stamped "Confidential" and sealed separately from the remainder of the transcript, and shall be treated as "Confidential" under the provisions of this Order.

6. <u>Designating Portions of the Deposition Transcripts Confidential.</u> Any party may, within fifteen (15) days after receiving a deposition transcript, designate portions of the transcript, or exhibits to it, as being "Confidential." Confidential deposition testimony or exhibits may be designated by stamping the exhibits "Confidential," or by underlining the portions of the pages that are confidential and stamping such pages "Confidential." Until expiration of the 15-day period, the entire deposition transcript, and all exhibits to it, will be treated as confidential under the provisions of this Order. If no party timely designates testimony or exhibits from a deposition as being "Confidential," none of the deposition testimony or exhibits will be treated as confidential. If a timely "Confidential" designation is made, the confidential portions and exhibits shall be sealed

separately from the remaining portions of the deposition, subject to the right of any party to challenge such designation under paragraph 12.

7. <u>Use of "Confidential" Materials in Papers Filed with the Court</u>. Materials designated "Confidential," and all information in them, may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers filed with the Court, or attached as exhibits to them, provided that such "Confidential" materials and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "Confidential" and separately filed in accordance with paragraph 8 of this Order.

8. <u>Use of "Confidential" Materials in Court</u>. Materials designated "Confidential," and all information in them or derived from them, may be used or offered into evidence at the trial of this suit, or at any hearing in this litigation, provided that when using "Confidential" materials in Court, counsel for the party using the "Confidential" materials shall take steps to insure against inadvertent disclosure of the "Confidential" materials to persons not subject to this Order.

If any party desires that materials, which are or contain "Confidential" information be filed with the Court, that party shall give opposing counsel ten (10) days notice. Thereafter, any party objecting to said filing may file an Application to File Documents Under Seal in accordance with this Court's procedures, including Local Rule 79-5. In the event the Court determines that the papers may not be sealed, they will be returned to the party filing the motion. If the papers are sealed, they will be maintained by the Clerk under seal for thirty (30) days after the final conclusion of this litigation, including all appeals, at which time they will be unsealed unless the proper party requests their return prior to that time. In that event, the papers will be returned to that party.

9. <u>Non-Termination and Return of Materials</u>. The provisions of this Order shall continue to apply to all "Confidential" materials and information after this suit has been terminated. Upon termination of this suit, including all appeals,

4

the parties shall return all "Confidential" materials to the producing party. Alternatively, the parties and/or any producing party may agree in writing on appropriate methods of destruction.

10. <u>No Admissions</u>.  Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission by any party that a particular document or information (1) is, or is not, confidential; (2) is, or is not, admissible into evidence for any purpose; and (3) is, or is not, subject to inclusion in any "administrative record" filed in this cause.

11. <u>Interim Protection</u>.  "Confidential" materials produced by any party in response to discovery requests served after the filing of the Complaint in this suit and prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order has been entered by the Court, unless the Court directs otherwise.

12. <u>Procedures for Challenging "Confidential" Designation</u>.  If upon review any party believes that any materials, information or tangible items designated by a designating party are not "Confidential," then the party may challenge the designation by notifying the designating party within thirty (30) days of receipt of the material, information or tangible item.  The written notice must specifically identify the challenged materials, information or tangible items by bates numbered pages where available.  The designating party must then seek a protective order from the Court for such materials, information or tangible items.  Failure to file a Motion for Protective Order within fourteen (14) days of receiving the notification of a party's challenge to the designation shall cause such materials, information or tangible items to be excluded from the provisions of this Order.  At all times, the designating party bears the burden of proving the materials, information or tangible items contain information appropriately subject to a Protective Order under Federal Rule of Civil Procedure 26(c).  The filing of a Motion for Protective Order by the designating party within the time limit set forth

above shall preserve the designation of said materials or items until a ruling by this Court on the Motion for Protective Order or the dismissal of this action.

The foregoing is AGREED AND STIPULATED TO by the parties through their undersigned counsel.

Dated: October __, 2013       SIDLEY AUSTIN LLP

By: /s/ Joshua E. Anderson
    Joshua E. Anderson

Attorneys for Defendant Unum Life Insurance Company of America

Dated: October __, 2013       SHENOI KOES LLP

By: /s/ Allan A. Shenoi
    Allan A. Shenoi

Attorneys for Plaintiff Ruben Don

Dated: October __, 2013       LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Michael B. Magloff
    Michael B. Magloff

Attorneys for Defendant Wedner Insurance Group

**SO ORDERED:**

DATED: October 16, 2013       _____/s/_____
    Honorable Victor B. Kenton

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DON, Individually, and on behalf of those persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; WEDNER INSURANCE GROUP, INC. dba THE MORTON WEDNER INSURANCE AGENCY, and DOES 1-30,<br><br>Defendants. | Case No. CV 13-4502-DSF (VBKx)<br><br>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND** |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned acknowledges that he/she has read the Protective Order dated October ___, 2013 in this case and attached hereto, understands the terms of the Protective Order, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential solely for the purposes of this lawsuit, and not to disclose any such Confidential information to any other person.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

| | |
|---|---|
| 1 | |
| 2 | Name: _____ |
| 3 | Date: _____ |
| 4 | Job title: _____ |
| 5 | Employer: _____ |
| 6 | Business Address: _____ |
| 7 | _____ |
| 8 | _____ |