**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL DON, EXECUTOR OF THE ESTATE OF RUBEN DON, TAMARA PELHAM, SPECIAL ADMINISTRATOR OF THE ESTATE OF LEROY LITTLE, and CAROLYN JAN LITTLE, Individually, and as the Class Representatives on behalf of those insureds similarly situated,<br><br>  Plaintiffs,<br><br> vs.<br><br>UNUM GROUP, a Delaware Corporation; and UNUM LIFE INSURANCE COMPANY OF AMERICA, a Maine Corporation,<br><br>  Defendants. | CV 13-4502-DSF (VBK)<br><br>**ORDER (1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (2) DIRECTING DISTRIBUTION OF THE CLASS ACTION SETTLEMENT NOTICE, (3) SETTING A FINAL APPROVAL HEARING, AND (4) PRELIMINARILY ENJOINING PARALLEL PROCEEDINGS** |

On March 7, 2016, this matter came before the Court on Plaintiffs' motion for preliminary approval of a proposed settlement (Motion), the terms of which are set forth in the Stipulation For Settlement (Stipulation or Settlement Agreement), filed with the Motion.

The Settlement Agreement, which is attached as Exhibit 1 to the Declaration of Allan Shenoi in support of the Motion, is incorporated by reference and made a part of this Order. All capitalized terms used in this Order shall have the meaning or

definitions given to them in the Settlement Agreement, or the meanings or definitions given to them in this Order.

**It is ORDERED:**

**1. Preliminary Approval of Proposed Class Settlement.**

Plaintiffs' Motion is **GRANTED.** The proposed settlement set forth in the Settlement Agreement is preliminarily approved as reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible outcomes. Therefore, the Court finds that the proposed settlement is sufficient to warrant dissemination of notice to the Class Members and to conduct a fairness hearing.

**2. Settlement Class and Relief.**

As provided in the Settlement Agreement:

"Settlement Class" means, subject to the exclusions listed below, all Class Members, except the following persons: (1) persons who properly opted-out of the Settlement; (2) any officer, director, employee, or agent of Unum; (3) any judge, justice, or judicial official presiding over the Action and the staff and immediate family of any such judge, justice, or judicial official; and (4) notwithstanding the above, no Claim shall be eligible for or approved for Settlement Relief with respect to any Policy for which a valid agreement or release exists between Unum and the Settlement Class Member that would preclude the Settlement Class Member's right to receive relief from the Settlement. Unum represents that, except for the members of Subclass VII, each member of the settling subclasses in the Settlement Class: (1) is sufficiently identifiable; (2) Unum can accurately trace the benefits due each beneficiary; and (3) each beneficiary has an undisputed and mathematically ascertainable claim to part of the Settlement Relief. In other words, the value to individual class members of benefits in each of the above items (except as to Subclass VII, which is not included in the monetary Total Settlement Fund) can be accurately ascertained, and this relief is part of the Settlement Relief.

"Class Member" means and includes any person included in the definition of Subclass I, Subclass IV, or Subclass VII.

"Subclass I" means all current and former insureds nationwide whose Unum LTC Policies state "[u]nless we tell you something else, years, months and anniversaries that we refer to are calculated from the Policy Date" and Unum used (for insureds with "accrued damages"), is using (for insureds "in claim"), or will use (for "future claimant" insureds) the Effective Date. The proposed class representative for Subclass I is Don.

"Subclass IV" means all current (as of the Settlement Agreement Execution Date) and former insureds nationwide whose Unum LTC Policies contain an optional provision for inflation protection which states that their Lifetime Maximum Benefit Amount will increase, and Unum applied (for insureds with "accrued damages"), is applying (for "in claim" insureds), or will apply (for "future claimant" insureds) the annual inflation increase to the remaining Lifetime Maximum Benefit Amount, even though the word "remaining" does not quantify or reduce the Lifetime Maximum Benefit Amount.  The proposed class representatives for Subclass IV are Don for those insureds who have "accrued damages," and Pelham for the "in claim" and "future claimant" insureds.

"Subclass VII" means all current and former insureds under Unum's LTC Policies nationwide issued pre-2002 who since 2010 received a "duplicate" policy that was not an exact copy of their original policy.  The proposed class representatives of Subclass VII are Pelham for "in claim" insureds, and Little for "future claimant" insureds.  The "Settlement Relief" consists of the following:

Subclass I.  The Subclass I relief will be provided through a combination of (a) monetary payments and (b) a future business practice change, anticipated to be completed within two years of the Final Settlement Date, whereby Unum would change its processes to calculate the Policy Anniversary based on the Policy Date rather than the Effective Date ("Policy Anniversary Change").  For current Subclass I class members, i.e., Subclass I class members who have already received benefits

under their policies, Unum would pay those class members the difference between what they received in benefits and what they would have received in benefits if Unum had calculated the Policy Anniversary based on the Policy Date. *Before the date of the Policy Anniversary Change*, Unum will also pay future Subclass I class members, i.e., Subclass I class members who in the future receive benefits under their policies, the difference between what they receive in benefits and what they would have received in benefits if Unum had calculated the Policy Anniversary based on the Policy Date. *After the date of the Policy Anniversary Change*, Unum will pay future Subclass I members benefits with the Policy Anniversary calculated based on the Policy Date.

Plaintiffs estimate the relief to be provided to Subclass I, as described in this paragraph, at $18,595,470. Plaintiffs contend that $1,822,407.98 to 1,163 insureds that Unum's March 19, 2015 discovery responses identified have been underpaid, is not included in the $18,595,470 for Subclass I, which is plaintiffs' estimate of payments for approximately 11,867 insureds. Unum agrees not to challenge Plaintiffs' valuation. In addition, Unum will not claim back Unum's overpayment, under Plaintiffs' Subclass I theory, of $1,774,583.20 to 3,069 insureds.

Subclass IV. The Subclass IV relief will be provided as 1.5 months of additional benefits, based on the Subclass IV class member's original monthly benefit amount stated in the policy, payable to any Subclass IV class member who reaches their Lifetime Maximum Benefit Amount. Unum and Plaintiffs value the relief to be provided to Subclass IV, as described in this paragraph, at $18,600,000.00.

Subclass VII. Unum represents and warrants that members of Subclass VII have had—and will continue to have—their claims adjudicated based on the language of their original policies, notwithstanding their prior receipt from Unum of versions of their policies that were not exact copies of their original policies. Upon final approval of the Parties' settlement by the Court in the Action, Unum will, on a

going forward basis, provide exact copies of the original policies to policyholders requesting duplicate polices.

### 3. Class Counsel.

The Court appoints Shenoi Koes LLP (Lead Counsel) and the Law Offices of Christopher Vader as Class Counsel for the Settlement Class.

### 4. Class Representatives.

For settlement purposes only, the "Class Representatives" mean Plaintiffs Michael Don (Don), as Executor of the Estate of Ruben Don, Tamara Pelham (Pelham), as Special Administrator of the Estate of Leroy Little, and Carolyn Jan Little (Little).

### 5. Fairness Hearing.

The Fairness Hearing will be held in Courtroom 840 of the United States Courthouse located at 255 E. Temple Street, Los Angeles, California on June 27 2016, at 1:30 p.m. (or at such continued time(s) as the Court may later direct). If the Fairness Hearing is continued by the Court, the Parties shall serve written notice on any Settlement Class Member (or attorney, if applicable) who submitted to the Settlement Administrator a timely and valid objection to the proposed settlement and a Notice of Intent to Appear at the Fairness Hearing of the continued date and time for the Fairness Hearing. Otherwise, the Court may continue the Fairness Hearing without notice to the Class, except that any notice of such continuation shall be posted on the settlement website to be set up by the Administrator. Continuance of the Fairness Hearing shall not extend any deadline for any objection, or other action by any Settlement Class Member (or their attorney, if applicable), pursuant to the Agreement and this Order, but all deadlines for the Parties to file papers in support of final settlement approval (including response(s) to objections), or for Class Counsel to file papers in support of an application for approval of Unum's payment of an award of attorneys' fees, costs, and litigation expenses for Class Counsel, and Class Representatives' service awards shall be based on the continued Fairness Hearing date.

At the Fairness Hearing, the Court will consider all matters set forth in the Settlement Agreement, including: (a) whether the proposed settlement should be finally approved as fair, reasonable, and adequate, on the terms set forth in the Settlement Agreement; (b) whether judgment should be entered and the case should be dismissed with prejudice, pursuant to the terms of the Settlement Agreement; (c) the sufficiency of the notice to the Settlement Class of the Settlement, the provisional approval of the Settlement, the provisional certification of the Settlement Class, and the Settlement Class Members' rights; (d) the adequacy of Class Counsel's and Class Representatives' representation of the Class; (e) whether Settlement Class Members should be bound by the release set forth in the Settlement Agreement; (f) whether Settlement Class Members should be subject to a permanent injunction as set forth in the Settlement Agreement; (g) an application by Class Counsel for approval of Unum's payment of an award of Class Counsel's attorneys' fees and reimbursement of costs and litigation expenses, including the agreement among Class Counsel with respect to the division of attorneys' fees awarded; and (h) an application for approval of Unum's payment of service awards to the Class Representatives for their efforts on behalf of the Settlement Class.

Class Counsel shall file and serve their motion for final approval of the Settlement Agreement on or before the date 21 days before the deadline for submission of exclusions or objections. Class Counsel shall also, by the same deadline, file and serve their application for Court approval of Unum's payment of Class Counsel's attorneys' fees and Class Counsel's expenses, and for any service awards for the Class Representatives.

Unum's submissions in support of final approval of the Settlement Agreement shall be filed with the Court at least 14 days prior to the Fairness Hearing.

**6.    Notices of Pendency of Class Action and of Right to Opt Out.**

The Court finds that the "Class Settlement Notice" which is attached as Exhibit A to the Settlement Agreement, as ordered modified during the March 7, 2016 hearing, is the best notice practicable, is reasonable, adequate, and sufficient

and is reasonably calculated, under the circumstances, to apprise the Class Members of their rights, including their right to opt out or object, and at this juncture, as set forth in the notice, fully satisfies the requirement of due process and all other applicable provisions of law. No later than 55 days after the mailing of the "Class Settlement Notice Package," the Administrator shall prepare and file with the Court a declaration identifying any timely and validly submitted requests for exclusion.

**7.    Notice of Settlement and of Right to Object/Appear.**

The Court approves the proposed form and contents of the Settlement Agreement.

Notice as set forth in the Settlement Agreement and Exhibit A thereto, as ordered modified during the March 7, 2016 hearing, shall be in the manner set forth in the Settlement Agreement, no later than 30 days after the Court's entry of this Order.

**8.    Appointment of the Settlement Administrator**

Rust Consulting, Inc. ("Administrator") is appointed as the Settlement Administrator. Settlement Notice shall be provided by the Administrator in accordance with this Order and the Settlement Agreement. Unum is authorized to communicate with the Administrator to assist in the implementation of the Settlement, and the Administrator and Unum are authorized to take the steps necessary to implement the tasks that the Settlement Agreement requires to occur before the Fairness Hearing for which they are respectively responsible.

As further described below and in the Settlement Agreement, Class Members shall be given notice of the right to object to the proposed Settlement (on their own or through counsel of their own selection at their own expense), the right to attend the Fairness Hearing, and the right, through a writing that shall not be filed with the Court, but shall be served on the Settlement Administrator, Class Counsel, and Unum's Counsel, to request leave of Court to and speak at the Fairness Hearing in support of a timely and properly served objection (on their own behalf or though counsel of their own selection at their own expense). The deadline for the exercise

of such rights shall be 30 days after the date of original mailing of the Class Settlement Notice Package.

In order to facilitate printing and dissemination of the Class Settlement Package, the Administrator and the Parties may change the format, but not the content of the Class Settlement Notice, without further Court order, so long as its legibility is not adversely impacted. The Administrator may also, without further Court order, insert the information specified in the places provided in the Settlement Notice.

The Court finds that the manner of providing notice of the proposed settlement to the Settlement Class Members, as set forth in this Preliminary Approval Order, the Settlement Agreement, and the Class Settlement Notice to be the best notice practicable, and is reasonably calculated, under the circumstances to apprise the Settlement Class Members of their rights regarding the preliminarily approved settlement should it become final, including their rights to object to the preliminarily approved settlement and to request to appear at the Fairness Hearing concerning the preliminary settlement, as set forth in the Settlement Agreement, is reasonable and complies with due process, is adequate and sufficient notice to all persons entitled to receive notice, meets all applicable requirements of Federal Rules of Civil Procedure, the United States Constitution and its Amendments.  The Court also finds that the provisions of the Settlement Agreement for updating the Settlement Class Notice mailing, researching alternate mailing data, re-mailing any returned notices, and responding to Settlement Class Member inquiries (including the support to be provided by the Administrator and Class Counsel), constitute the most practicable methodology for maximizing the efficacy of the Class Settlement and such provisions are confirmed and made part of this Order.

The Court further finds that the Class Settlement Notice, and the mailing thereof, as provided in this Order and the Settlement Agreement, shall be the only notice required to Class Members of the proposed settlement, and constitutes sufficient notice of the following: (a) the Settlement Agreement, (b) the Fairness

Hearing, (c) Class Members' rights with respect to the proposed Settlement (including their rights to object and to appear, including through counsel of their own selection at their own expense), that the release will be binding on the Settlement Class Members if the preliminarily approved settlement is finally approved and becomes final, (e) that any judgment, favorable or unfavorable, will include and be binding on all Settlement Class Members unless they have excluded themselves, (f) Class Counsel's application for approval of Unum's payment of Class Counsel's attorneys' fees, Class Counsel's expenses, and service awards, and (g) the other matters set forth in the Settlement Agreement. The Court further finds that the Class Settlement Notice and the manner of the Class Settlement Notice Package as provided for in the Settlement Agreement and this Preliminary Approval Order fully satisfy the requirements of due process, the United States and California Constitutions, the Federal Rules of Civil Procedures, and all other applicable provisions of law.

**9.      Proof of Mailing of Settlement Notice.**

By the time of filing of the motion for final settlement approval, the Administrator shall provide, and Plaintiffs shall file, proof, by affidavit or declaration, of the mailing of the Class Settlement Notice in the manner provided in the Settlement Agreement and in this Order.

**10.     Communications with Settlement Class Members.**

Absent an order from a Court with jurisdiction over the Settlement, Unum may not participate in or respond to inquiries from Settlement Class Members to Class Counsel regarding the proposed settlement, and shall not have communications with Settlement Class Members on matters specifically regarding the Action or the Settlement Agreement. However, Unum has the right to communicate with, and to respond to inquiries directed to it, from Settlement Class Members orally or in writing regarding matters in the normal course of administering their policies, including responding to any complaints received through state agencies, officials or otherwise, and may do so through any appropriate agents of Unum.

If Unum receives any inquiry from any Settlement Class Member or other person entitled or potentially entitled to Settlement Relief relating to their set of options or the rights of the person inquiring under the Settlement Agreement, Unum shall not respond to the inquiry but shall refer the inquiring party to the settlement call center or to Class Counsel, as agreed in the Settlement Agreement. However, Unum may respond to questions from Settlement Class Members as expressly provided for in the Settlement Agreement in the ordinary course of business if Settlement Class Members initiate contact to Unum and ask for information about their policies. Further, Unum may communicate with agents and employees of Unum and its auditors, insurance commissioners, regulators or similar reporting organizations, governmental entities regarding the impact or administration of the Settlement Agreement.

**11.   Objections and Appearances.**

**(a)   Written Objections.**

Any Settlement Class Member who wishes to object to the reasonableness or adequacy of the Settlement Agreement or the proposed settlement in any respect, including the provisions therein relating to Class Counsel attorneys' fees, and Class Counsel expenses, must not file anything with (and must not contact) the Court, but must timely serve the Settlement Administrator and counsel for both Parties, i.e. Class Counsel and Unum's Counsel, a written statement of objection. Any such objection must be served on the Settlement Administrator, Class Counsel, and Unum's Counsel no later than 30 days after the date of original mailing of the "Class Settlement Notice Package," and must be properly addressed and postmarked no later than 30 days after the original mailing of the "Class Settlement Notice Package." The addresses for the Parties' Counsel are:

If to Unum, then to:

> Joshua E. Anderson
> **SIDLEY AUSTIN LLP**
> 555 West Fifth Street, Suite 4000
> Los Angeles, California 90013

If to Plaintiffs, then to both:

**SHENOI KOES LLP**
175 S. Lake Ave. Ste. 202
Pasadena, California 91101

**Law Offices of Christopher C. Vader**
82632 B Hwy 111, Suite 3
Indio, California 92201

To be considered, all objections must be timely, in writing, and signed by the objector (or his or her attorney, if applicable). Any objector must not file anything with the Court and must not contact the Court, the Clerk of the Court, or Court staff, but only serve the papers on the Settlement Administrator, Class Counsel, and Unum's Counsel. All objections must reference the name and case number of this Action and must contain the following information: (i) the objector's name, address, and telephone number, and the policy number(s) in which the objector claims an interest; (ii) the name, address, and telephone number or any attorney for the objector with respect to the objection; and (iii) the factual basis and grounds for the objection.

If a Settlement Class Member hires an attorney to represent him or her and such attorney intends to appear at the Fairness Hearing, that attorney must, in addition to satisfying the foregoing requirements for timely and valid objections, also (1) serve the Settlement Administrator, Class Counsel, and Unum's Counsel with both a Notice of Appearance and a Notice of Intention to Appear and Participate at the Fairness Hearing no later than thirty (30) days after the original mailing of the "Class Settlement Notice Package" postmarked no later than thirty (30) days after the original mailing of the "Class Settlement Notice Package."

**(b)  Appearance at the Fairness Hearing.**

Settlement Class Members do not need to appear at the Fairness Hearing in order to support any objection. A timely and validly submitted objection will be considered by the Court at the Fairness Hearing, without the necessity of appearance by the objector. Notwithstanding, any Settlement Class Member who timely and properly serves a written objection to the Settlement Administrator, as described

above, may appear and speak at the Fairness Hearing in support of said objection, either in person or through an attorney hired at the Settlement Class Member's own expense, provided that a Notice of Intention to Appear in support of the objection (and in the case of an attorney, an entry of appearance) is served on the Settlement Administrator, Class Counsel, and Unum's Counsel no later than 30 days after the date of original mailing of the "Class Settlement Notice Package."  Copies of said entry of appearance and Notice of Intention to Appear must also be mailed to Counsel for the Parties, in a pre-addressed and post-marked envelope, no later than 30 days after the date of original mailing of the Class Settlement Notice Package.

A Settlement Class Member who is permitted by the Court to appear at the Fairness Hearing, personally or through counsel at his or her own expense, will be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by that Settlement Class Member.  No Settlement Class Member shall be permitted to address the Court on matters at the Fairness Hearing that the Settlement Class Member could have included in his/her written objection but failed to do so unless the Court does not grant permission, and all objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection served on the Settlement Administrator, Class Counsel, and Unum's Counsel as forth above, are deemed waived.

**(c)     Waiver for Non-Compliance.**

Any Settlement Class Member who fails to comply with the provisions of the preceding paragraphs or this Paragraph, shall waive any and all rights he or she may have to object, appear, or speak, shall be barred from appearing and speaking at the Fairness Hearing, and shall be bound by terms of the Settlement Agreement and by all proceedings, orders and judgment in the Action.

**(d)     The Parties' Response(s) to Objections.**

If either the Settlement Administrator, Class Counsel or Unum's Counsel receives an objection to the proposed settlement or Notice of Intention to Appear or a Notice of Entry of Appearance from or on behalf of any Settlement Class Member,

they shall promptly provide copies of same to counsel for the other Party. For the Court's and the Parties' convenience, Class Counsel or Unum's Counsel shall include copies of all objections, entries of appearance, and Notices of Intent to Appear and participate at the Fairness Hearing received (timely and validly served) in their submissions at the time of filing of the motion for final settlement approval. The Parties shall file and serve on each other any response(s) to timely written objections no later than 21 days before the Fairness Hearing, and to any untimely objections as soon as practicable in advance of the Fairness Hearing. At least seven days before the Fairness Hearing, the Parties shall serve on each Settlement Class Member (and his or her attorney if applicable) who has timely and validly submitted an objection and a notice of appearance, a copy of any written response(s) addressing that objector's objection.

    **12. Preliminary Injunction.**

All Settlement Class Members are preliminarily enjoined from commencing, prosecuting, intervening in, participating in, maintaining, individually, as class members or otherwise, directly or indirectly, through a representative or otherwise, receiving any benefits from, or organizing or soliciting the parties directly or indirectly, any lawsuit (including putative class actions), arbitration, mediation, administrative or regulatory proceeding or order in any jurisdiction asserting any claims based on or relating to the Released Claims released by the Settlement Agreement, and from organizing Settlement Class Members into separate classes for purposes of pursuing as a purported class action in any lawsuit (including by amending a pending complaint to include class allegations, or seeking class certification in a pending action) asserting any claims released by the Settlement Agreement. Nothing in this paragraph, however, shall require any Settlement Class Member to take any affirmative action with regard to other pending class action litigation in which they may be absent class members.

Unum reserves the right to file motions or to take other actions to enforce the release provisions of the Settlement Agreement and of this injunction, as it may

deem appropriate.

### 13. Termination of Settlement.

If either party elects to terminate the Settlement Agreement, pursuant to the provisions of Section XIII of the Settlement Agreement, then this Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order.

### 14. Use of Order.

Whether or not the Settlement Agreement is terminated, this Order shall not be construed or used as an admission, concession, declaration by or against Unum of any fault, wrongdoing, breach or liability, or by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, unavailable, or as a waiver by any Party of any defenses or claims, whether in this case or in any other lawsuit, arbitration, administrative regulatory proceeding or examination, or in any other proceeding or action.

### 15. Continuing Jurisdiction.

For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Action, the proposed settlement, settlement approval, and settlement administration, to ensure the effectuation of the proposed settlement (should it be finally approved).  Without limiting the foregoing, the Court retains continuing jurisdiction over all aspects of this Action including but not limited to the fairness of the proposed settlement, any objections to the proposed settlement, the method and manner under which Settlement Relief will be provided, the adequacy of representation of the Settlement Class by Class Counsel and Class Representatives, the amount of Class Counsel attorneys' fees and expenses paid to Class Counsel, the amount of any service award paid to the Class Representatives, any claim by any party relating to representation by Class Counsel of any Plaintiff or Class Member in this Action, all other issues related to the proposed settlement

including any collateral order made regarding any matter related to this Action, or the conduct of any party or Class Counsel relating to this Action or the proposed settlement.

IT IS SO ORDERED.

Dated: March 9, 2016

_____
Honorable Dale S. Fischer
United States District Judge