JS 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DON, EXECUTOR OF THE ESTATE OF RUBEN DON; TAMARA PELHAM, SPECIAL ADMINISTRATOR OF THE ESTATE OF LEROY LITTLE; and CAROLYN JAN LITTLE, Individually, and as the Class Representatives on behalf of those insureds similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNUM GROUP a Delaware Corporation; and UNUM LIFE INSURANCE COMPANY OF AMERICA, a Maine Corporation,<br><br>Defendants. | CV 13-4502-DSF (VBKx)<br><br>ORDER (1) APPROVING CLASS ACTION SETTLEMENT, (2) APPROVING PAYMENT OF CLASS COUNSEL ATTORNEYS' FEES AND CLASS COUNSEL EXPENSES, (3) AWARDING SERVICE AWARDS AND PAYMENTS TO CLASS REPRESENTATIVES, 4) PERMANENTLY ENJOINING PARALLEL PROCEEDINGS, AND (5) DISMISSING ACTION WITH PREJUDICE |

On March 9, 2016, the Court entered its Order (1) Preliminarily Approving Class Action Settlement, (2) Directing Distribution of the Class Action Settlement Notice, (3) Setting a Final Approval Hearing, and (4) Preliminarily Enjoining Parallel Proceedings, preliminarily approving the Settlement entered into by the Parties (Preliminary Approval Order), which, among other things, scheduled a hearing to determine whether the Settlement is fair, reasonable, adequate, in the

interests of the Settlement Class, and free from collusion, whether the Settlement should be finally approved by the Court, and to consider an application from Class Counsel for approval of Unum's payment of Class Counsel's Attorneys' Fees, Class Counsel Expenses, and service awards to the Class Representative (Fairness Hearing).

The Court held the Fairness Hearing on June 27, 2016.

Based on these considerations, the Court's findings of fact and conclusions of law as set forth in the Preliminary Approval Order and in this Final Order (1) Approving Class Action Settlement, (2) Awarding Class Counsel Fees and Expenses (3) Awarding Class Representatives Incentives, (4) Permanently Enjoining Proceedings, and (5) Dismissing the Action with Prejudice (Order), and for good cause,

**IT IS ORDERED AND DECREED**:

1. Definitions. The capitalized terms used in this Order have the meanings or definitions given to them in the Stipulation for Settlement (Settlement Agreement), or if not defined there, then the definitions given to them in this Order.

2. This Order incorporates:

   A. the Settlement Agreement (including the exhibits); and

   B. this Court's Preliminary Approval Order.

3. Jurisdiction and Venue. The Court has personal jurisdiction over the Parties, the Settlement Class Members (as defined below at paragraph 4) including the single objector, and any timely submitted objections or responses, pursuant to the Class Action Fairness Act (CAFA) 28 U.S.C. §1715. The Court has subject matter jurisdiction over this action. All Settlement Class Members who failed to exclude themselves according to the Court's prior orders and the terms of the Class Settlement Notice have consented to the jurisdiction of this Court for purposes of this Action and the Settlement of this Action. The Court has jurisdiction and venue is proper.

4. Definition of the Class and Settlement Class Members.

"Settlement Class" means, subject to the exclusions listed below, all Class Members, except the following: (1) persons who properly opted-out of the Settlement; (2) any officer, director, employee or agent of Unum; and (3) any judge, justice, or judicial official presiding over the Action and the staff and immediate family of any such judge, justice, or judicial official. Notwithstanding the above, no Claim shall be eligible for or approved for Settlement Relief with respect to any Policy for which a valid agreement or release exists between Unum and the Settlement Class Member that would preclude the Settlement Class Member's right to receive relief from the Settlement. Unum represents that, except for the members of Subclass VII, each member of the settling subclasses in the Settlement Class: (1) is sufficiently identifiable; (2) Unum can accurately trace the benefits due each beneficiary; and (3) each beneficiary has an undisputed and mathematically ascertainable claim to part of the Settlement Relief.

"Class Member" means and includes any person included in the definition of Subclass I, Subclass IV, or Subclass VII.

"Subclass I" means all current and former insureds nationwide whose Unum LTC Policies state "[u]nless we tell you something else, years, months and anniversaries that we refer to are calculated from the Policy Date" and Unum used (for insureds with "accrued damages"), is using (for insureds "in claim"), or will use (for "future claimant" insureds) the Effective Date. The class representative for Subclass I is Don.

"Subclass IV" means all current (as of the Settlement Agreement Execution Date) and former insureds nationwide whose Unum LTC Policies contain an optional provision for inflation protection which states that their Lifetime Maximum Benefit Amount will increase, and Unum applied (for insureds with "accrued damages"), is applying (for "in claim" insureds), or will apply (for "future claimant" insureds) the annual inflation increase to the remaining Lifetime Maximum Benefit Amount, even though the word "remaining" does not quantify or reduce the Lifetime Maximum Benefit Amount. The class representatives for Subclass IV are Don for those

insureds who have "accrued damages," and Pelham for the "in claim" and "future claimant" insureds.

"Subclass VII" means all current and former insureds under Unum's LTC Policies nationwide issued pre-2002 who since 2010 received a "duplicate" policy that was not an exact copy of their original policy.  The class representatives of Subclass VII are Pelham for "in claim" insureds, and Little for "future claimant" insureds.

The Settlement Class is certified for settlement purposes only.  Settlement Class Members are subject to this Order and the Judgment.

5.  Findings and Conclusions.  Based on its familiarity with the nature of the case, the record, the procedural history, the parties and the work of their Counsel, the Court finds that the Settlement was not the product of collusion and does not evidence any indicia of unfairness.  The Court finds the Settlement is fair, reasonably adequate to the Settlement Class in light of the complexity, expense, and duration of the Action (including the risk of appellate proceedings), and the risks involved in establishing liability and damages, and in maintaining the Action as a class action through trial and appeal.  The Court finds that the Settlement represents a complete resolution of all claims asserted in a representative capacity on behalf of the Settlement Class and should fully and finally resolve all such claims.  In support of these findings and conclusions, the Court further specifically finds:

A.  There is no evidence of collusion.  The proposed Settlement set forth in the Settlement Agreement resulted from extensive arm's-length negotiations.  The Action was extensively and vigorously litigated prior to any settlement.  Plaintiffs and Unum engaged in intensive arm's-length negotiations, over the course of multiple mediation sessions before a capable and well-respected mediator, Robert J. Kaplan of Judicate West, with extensive experience in mediating complex insurance class action cases.  Extensive negotiations thereafter resulted in the settlement reflected by the Settlement Agreement.

B. The Settlement provides for substantial cash payments and other monetary benefits to Settlement Class Members. No portion of the Settlement Relief will be consumed by attorneys' fees, litigation expenses, settlement administration expenses, or the incentive awards to the Class Representatives, since such amounts are all separately provided for. The Court has considered the realistic range of outcomes in this matter, including the amount Plaintiffs might receive if they prevailed at trial, the strengths and weaknesses of the case, the novelty and number of the complex legal issues involved, the risk that Plaintiffs would receive less than the Settlement Relief or nothing at trial, and the risk of a reversal of any judgment based on a reasonable and adequate review of these factors.

Subclass I. The Subclass I relief will be provided through a combination of (a) monetary payments and (b) a future business practice change, anticipated to be completed within two years of the Final Settlement Date, whereby Unum would change its processes to calculate the Policy Anniversary based on the Policy Date rather than the Effective Date (Policy Anniversary Change). For current Subclass I class members, i.e., Subclass I class members who have already received benefits under their policies, Unum would pay each class member the difference between what they received in benefits and what they would have received in benefits if Unum had calculated the Policy Anniversary based on the Policy Date. Before the date of the Policy Anniversary Change, Unum will also pay future Subclass I class members, i.e., Subclass I class members who in the future receive benefits under their policies, the difference between what they receive in benefits and what they would have received in benefits if Unum had calculated the Policy Anniversary based on the Policy Date. After the date of the Policy Anniversary Change, Unum will pay future Subclass I members benefits with the Policy Anniversary calculated based on the Policy Date. Plaintiffs estimate the relief to be provided to Subclass I, as described in this paragraph, at $18,595,470. Plaintiffs contend that $1,822,407.98 to 1,163 insureds that Unum's March 19, 2015 discovery responses identified have

been underpaid, is not included in the $18,595,470 for Subclass I, which is Plaintiffs' estimate of payments for approximately 11,867 insureds. Unum agrees not to challenge Plaintiffs' valuation. In addition, Unum will not claim back Unum's overpayment, under Plaintiffs' Subclass I theory, of $1,774,583.20 to 3,069 insureds.

Subclass IV. The Subclass IV relief will be provided as 1.5 months of additional benefits, based on the Subclass IV class member's original monthly benefit amount stated in the policy, payable to any Subclass IV class member who reaches their Lifetime Maximum Benefit Amount. Unum and Plaintiffs value the relief to be provided to Subclass IV, as described in this paragraph, at $18,600,000.

Subclass VII. Unum represents and warrants that members of Subclass VII have had—and will continue to have—their claims adjudicated based the language of their original policies, notwithstanding their prior receipt from Unum of versions of their policies that were not exact copies of their original policies. On final approval of the Parties' settlement by the Court in the Action, Unum will, on a going forward basis, provide exact copies of the original policies to policyholders requesting duplicate polices. Subclass VII is not easily quantifiable. Plaintiffs contend the monetary value of this change in practice has substantial value. While Unum agrees not to oppose that contention, the Court finds there is no evidence to support this conclusion.

C. Settlement value is well within a range of reasonableness. Before reaching the Settlement, Plaintiffs and Unum vigorously litigated their claims and defenses in extensive proceedings before this Court.

D. During the course of this Action, and before reaching the Settlement, Plaintiffs and Unum engaged in extensive discovery.

E. Based on full litigation of relevant legal issues affecting the litigation and extensive investigation of the underlying facts in discovery, Plaintiffs and Unum are fully informed of the legal bases for the claims and defenses, and can balance the risks of continued litigation (both before this Court and on appeal) versus the benefits of the Settlement.

F.  The Class Representatives and Class Counsel, in litigating the Action and in entering into and implementing the Settlement, have satisfied the requirements of Federal Rules of Civil Procedure Rule 23 and other applicable law. Class Counsel represent that they have fully and competently prosecuted all causes of action, theories of liability, and remedies reasonably available to the Settlement Class Members.  Further, Class Counsel and Unum's Counsel are experienced trial lawyers with specialized knowledge in class action litigation. Class Counsel and Unum's Counsel are capable of properly assessing the risks, expenses, and delay of continued litigation, including at trial and on appeal. Class Counsel submit the Settlement is fair, reasonable, and adequate for the Settlement Class.

Unum denies all allegations of wrongdoing and disclaims any liability with respect to any and all claims alleged by Plaintiffs and the Settlement Class, including their claims regarding the propriety of class certification.

Unum considers it desirable to resolve the Action to put the claims of Plaintiffs and the Settlement Class to rest and avoid, among other things, the risks of continued litigation, the expenditure of time and resources necessary to proceed through trial and any subsequent appeals, and suffer interference with ongoing business operations.

G.  The selection and retention of the Administrator was reasonable and appropriate.

As further addressed in this Court's Preliminary Approval Order, through the mailing of the Class Settlement Notice Package, the Class Settlement Notice in the form and manner ordered by the Court, the Settlement Class has received the best practicable notice of this class action, of the Settlement, and of the Fairness Hearing, and of Settlement Members' rights and options, including their right to opt out, to object to the Settlement, or to exclude themselves, to appear at the Fairness Hearing in support of a properly submitted objection, and the binding effect of the orders and Judgment in this Action on all Settlement Class Members.  Said notices have fully

satisfied notice requirements under the law, including the Federal Rules of Civil Procedure and all due process rights under the U.S. Constitution and Amendments.

H. The response of the Settlement Class to the certification of a Class Action and to the proposed Settlement after full and effective notice thereof, strongly favors final approval of the Settlement. Out of 131,216 notices mailed to the members of the class certified by the Court, only 159 valid requests for exclusion were received. There was a single (untimely) valid objection filed in the Action and considered by the Court.

I. Unum has denied and continues to deny, any wrongdoing or liability relating to the Action.

6. Class Settlement Notice and the Right of Objection. The Court finds that the Class Settlement Notice Package was the best practicable and was reasonable, adequate, and sufficient notice, and was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of their rights, including their right to opt out of the Class, and fully satisfied the requirements of due process and applicable provisions of law.

7. Requests for Exclusion. A list of those 159 insureds who have validly requested exclusion from the Class was filed with the Court and is incorporated in this Order.

Those persons are not Settlement Class Members, shall not be bound by the Settlement or Order and Judgment in the Action, and shall not receive any Settlement Relief. All other persons to whom the Class Settlement Notice was mailed are included in the Settlement Class and shall be bound by all proceedings, orders, and judgments in the Action, even if such person or party has previously initiated or subsequently initiates or participates, or indirectly, in any individual or class litigation, administrative, arbitration, mediation or regulatory proceeding or order or other process against Unum relating to the Released claims.

8. Notice of Settlement. Based on the declarations of Counsel, and the Administrator, the Court finds that the Class Settlement Notice was mailed on April

8

8, 2016, in the form and manner agreed to under the Settlement and approved by the Court in the Preliminary Approval Order. The Class Settlement Notice provided fair and effective notice to Class Members of the Settlement and the terms thereof, including but not limited to those terms regarding the Settlement Relief, the Release of claims and binding effect of the Settlement on all Settlement Class Members, provisions for payment of Class Counsel's Attorneys' Fees and Class Counsel's Expenses, Class Representatives' service awards and Class Counsel's motion to the Court for approval of the same in the maximum amounts permitted under the Settlement, the date, time, and place of the Fairness Hearing, Settlement Class Members' rights to object to the Settlement, and to appear at the Fairness Hearing in support of any timely and validly submitted objection, as set forth in the Class Settlement Notice. The Court finds that the form and the giving of notice consisted of the best notice practicable, and were reasonably calculated, under the circumstances to apprise the recipients of the Class Settlement Notice of the Settlement's terms. The Court further finds that the recipients of the Class Settlement Notice were afforded a reasonable period of time to exercise any rights they might have pursuant to the Settlement and the Class Settlement Notice.

Based on the foregoing, the Class Settlement Notice Package and the Class Settlement Notice, in the form and manner approved by the Court, fully satisfied the requirements of due process, the United States Constitution, the Federal Rules of Civil Procedure, and all other applicable provisions of law.

9. Notices Pursuant to 28 U.S.C. § 1715. The Court finds that all requirements of CAFA have been met.

10. Class Member Objections. Full and fair notice of the Settlement Class Members' right to object to the Settlement and to appear at the Fairness Hearing in support of such an objection has been provided in the manner required by the Settlement Agreement, the Court's Preliminary Approval Order, the requirements of due process, and any other applicable law. No valid requests to appear at the

Fairness Hearing were timely submitted, and no one requested to be heard at the hearing.

The single valid objection by Mr. Schriftman lacks merit and is overruled.

11.  Final Settlement Approval and Binding Affect.  The terms and provisions of the Settlement have been entered into in good faith, and are fair, reasonable, adequate as to, and in the best interests of, the Parties and the Settlement Class Members, and in full compliance with all applicable requirements of the Rules of Civil Procedure, the United States Constitution, and any other applicable law.

The Settlement is approved.  The Settlement, this Order, and the Judgment are forever binding on the Plaintiffs and all other Settlement Class Members, and their heirs, conservators, personal representatives, executors and administrative predecessors, successors and assigns, and shall have *res judicata* and preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the fullest extent allowed.

12.  Implementation of Settlement.  The Parties are directed to implement the Settlement according to its terms and conditions.  Unum is authorized in its sole discretion, in accordance with the terms of the Settlement Agreement, and without requiring further approval of the Court, to implement the Settlement by the Final Settlement Date (as defined in the Settlement Agreement).  As provided for in the Settlement Agreement, Unum shall make available to Class Counsel and the Administrator all required data concerning the Settlement.

13.  Appeal and Implementation.  Any Settlement Class Member who did not timely and validly submit his or her objection to the Settlement, as required by the Settlement, the Class Settlement Notice, and this Court's Preliminary Approval Order, has waived any objection. Any Settlement Class Member, to appeal from the Court's rulings approving the Settlement, must have (a) made a  timely objection to the Settlement which was rejected by the Court, in whole or in part, (b) requested and obtained a stay of implementation of the Settlement, and (c) posted an appropriate bond, and absent satisfaction of all three of these requirements, Unum is

authorized, in its sole discretion, to proceed with implementation of the Settlement, even if such implementation would moot the appeal.

14. **Permanent Injunction.** All Settlement Class Members are permanently enjoined from filing, commencing, prosecuting, intervening in, maintaining, participating in, as class members or otherwise, directly or indirectly, through a representative or otherwise, receiving any benefits from, or organizing or soliciting the participation in, directly or indirectly, any lawsuit (including class action lawsuits), arbitration, administrative, mediation or related proceeding or order in any jurisdiction asserting any claims based on the Released Claims. Nothing in this paragraph, however, shall require any Settlement Class Member to take any affirmative action with regard to other pending class litigation in which they may be absent class members. Unum has reserved the right to file motions or to take other actions to enforce the release provisions in this Settlement Agreement and of this injunction, as it may deem appropriate. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the Action and its judgments.

15. **Enforcement of Settlement.** Nothing in this Final Order shall permit any separate action to enforce the Settlement or interpret the terms of the Settlement Agreement. Any action that seeks to enforce or interpret the terms of the Settlement, or that seeks to interpret or avoid in any way any legal consequences of or the effect of the Settlement Agreement, the Preliminary Approval Order or the Order, the Permanent Injunction contained in this Order or the terms contained in the Settlement Agreement, shall be brought solely in this Court.

16. **Class Counsel Attorneys' Fees and Class Counsel Expenses.**

Unum has agreed not to oppose Plaintiffs' counsel's requests for fees and costs up to the amounts specified in the Settlement Agreement.

The Court has fully assessed and finds fair and reasonable the payment by Unum of Class Counsel's Attorneys' Fees and Class Counsel's Expenses in the amount, and manner provided for in the Settlement Agreement. All such terms are

the proper and non-collusive result of an arm's-length negotiation conducted under the auspices of an experienced mediator. Although not dispositive, the Court notes that approval of the Settlement Agreement was not conditioned on the award of any attorneys' fees and costs and that the terms of the Settlement Relief to the Class was reached after the involvement of an independent mediator after the resolution of relief to the classes and before the parties discussed attorneys' fees and costs.

Unum acknowledges that Class Counsel pursued novel theories and that the portion of the action based on novel legal theories required greater attorney effort than actions based on familiar legal theories.

This Court has reviewed at length Class Counsel's submissions in support of their application. The Court specifically declines to confirm either the hourly rates submitted or the lodestar calculation of Class Counsel.

The Court has reviewed the evidence supplied by Class Counsel in support of the lodestar cross-check, and finds that the lodestar is substantially less than the amount claimed. A number of entries are "block-billed," which would justify a reduction of those entries by at least 20%. See Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). While the Court appreciates the efforts made by Class Counsel to comply with the Court's requirements, the Court notes that the presence of two law firms did result in some excessive and duplicative billing. The hours collectively billed by Class Counsel in several categories - such as review of this Court's rules and research concerning possible remand - is excessive.

The Court also finds that the hourly rates chosen by Class Counsel generally exceed market rates. The Court finds the *2015 Real Rate Report Snapshot* (*Real Rate Report*), a CEB publication that identifies attorney rates by location, experience, firm size, areas of expertise, and industry, as well as the specific practice areas,[1] to be persuasive in cases such as this, as it is based on actual legal billing,

---

[1] The *Real Rate Report* separates litigation from other practice areas. The 2015 Snapshot incorporates the analyses from the full *2014 Real Rate Report*.

matter information, and paid and processed invoices from more than 80 companies.[2] See St. Louis Police Retirement System v. Severson, Case No. 12-CV-5086 YGR (N.D. Cal. August 11, 2014) (relying on the *Real Rate Report*). The *Real Rate Report* advises that the "size of the law firm continued to have the largest impact on law firm rates."[3] Id. at 1. Counsel's firms are both small firms. Counsel request an hourly rate of $475/hr to $525/hr for Mr. Vader and $675/hr to $750/hr for Messrs. Shenoi and Koes. The *Real Rate Report* indicates that rates at the mid- and even high end in Los Angeles for litigation partners at firms with fewer than 50 attorneys are significantly lower. In addition, during the relevant time period, it appears hourly rates stayed somewhat flat – in contrast to the significant increases counsel claim.

A review of the appropriate categories of the *Real Rate Report* makes clear that the Court cannot calculate an accurate lodestar based on counsel's claimed rates. Class Counsel direct the Court to rates stated in the National Law Journal (NLJ) survey. However, the NLJ survey lists only the rates charged by the 350 largest national law firms – according to those firms' advertised rates. Class Counsel are not comparable to the firms listed in the NLJ survey, and advertised rates are not the appropriate standard.

Nevertheless, the Court finds that the requested Attorneys' Fees and Expenses are reasonable based on the percentage of the fund method, which is the appropriate method to apply here. The amounts agreed by Unum yield a percentage of approximately 21% - well below the 25% benchmark recognized in the Ninth Circuit. Moreover, Class Counsel do not receive a disproportionate share of the

---

[2] As explained in the 2014 Appendix, most of the data was taken from invoice line item entries contained in invoices received and approved by participating companies. It was not taken from surveys, sampling, or reviews of other published information.

[3] Relying on this *Report* may also result in a somewhat inflated market rate for Plaintiffs' counsel, as corporate entities are generally willing and able to pay higher fees than individual clients. However, the Court declines to take this factor into account.

Settlement. The payment of Class Counsel Attorneys' Fees and Class Counsel Expenses provided for in the Settlement Agreement comes at no cost to the Settlement Class and does not diminish the Settlement Relief afforded to the Settlement Class. Accordingly, given the foregoing factors and the result obtained, the Court finds the negotiated Class Counsel Attorneys' Fees and Class Counsel Expenses to be reasonable, and approves payment to Class Counsel of $9,493,406.12 in fees, plus litigation expenses in the amount of $81,593.91. The Court directs Unum to pay these amounts to Class Counsel in accordance with the provisions of the Settlement Agreement.

All court approved fees and expenses and costs shall be wire-transferred to the IOLTA Trust Account of Shenoi Koes LLP only.

The payment of attorneys' fees and litigation expenses to Class Counsel is approved and directed in this Order, and shall be the sole award and expenses to which Class Counsel or any other counsel for the Settlement Members and the Settlement Class are entitled from Unum with respect to the Action. Neither Plaintiffs nor any other Settlement Class Member shall have any obligation to pay Class Counsel any further amounts for attorneys' fees or litigation expenses in the Action. Neither Plaintiffs nor any other Settlement Member shall be entitled to seek or receive any further payment of attorneys' fees or litigation expenses in connection with the Action from Unum.

Class Counsel will determine the amount of fees and expenses awarded by the Court to be paid to other Co-Class Counsel. Disagreements, if any, between/among Plaintiffs' Counsel in the Action relating to the Court's award of expenses, or of their individual shares of such an award of fee, will be determined by the Court, which will retain sole and exclusive jurisdiction to resolve any disagreements. Disagreements between or among Plaintiffs' Counsel will not impact the effectiveness or the implementation of this Settlement, nor will disagreements have any impact on or result in any increase of the obligation imposed upon Unum by this Order.

17. **Service Awards/Payments to Plaintiffs.** In recognition of their service as Class Representatives, Unum shall pay Class Representative incentive awards to Don of $25,000, Pelham of $20,000, and Little of $15,000. The incentive awards to Plaintiffs total $60,000. In addition, Unum shall pay Michael Don $15,000 in consideration for individually settling a claim he had that Unum represents was unique to him. Unum shall pay these amounts in addition to any benefits that Plaintiffs are entitled to receive as Settlement Class Members.

Based on the declarations of Class Counsel and the Plaintiffs submitted in support of final settlement approval, Plaintiffs have actively participated with and assisted Class Counsel in this litigation for the substantial benefit of the Settlement Class. These service awards are approved to compensate the Plaintiffs' burdens of their active involvement in this litigation and their continuing efforts on behalf of the Class.

18. **Payment to the Administrator.** The Court further orders that in accordance with the Settlement Agreement, Unum shall pay to the Administrator all reasonable settlement notice and administration expenses up to $125,000 billed in connection with the Settlement, consistent with the contract that the Administrator entered into for the performance of such work and any additional work requested by the Parties jointly, which sum now includes the adjustment upwards of $25,000, which the Court has approved over the preliminarily approved sum of $100,000.

19. **Modification of Settlement Agreement.** The Parties are authorized, without needing further approval from the Court, to agree to and make amendments to, and modifications and expansions of the Settlement Agreement provided such changes are consistent with this Order and do not limit the Settlement Class Members or any other person entitled to Settlement Relief under the Settlement Agreement.

20. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Order and Judgment. Without in any way affecting the finality of this Order or the Judgment, for the benefit of the Settlement Class and Unum and to protect this

Court's jurisdiction, the Court expressly retains jurisdiction as to all matters relating to the Settlement, including but not limited to any modification, interpretation, administration, implementation, or enforcement of the Settlement, the administration of the Settlement and Settlement Relief, including notices, payments, and benefits thereunder, any objection to the Settlement, any request for exclusion from the Settlement Class, the adequacy of representation by Counsel or the Class Representatives, the amount of attorneys' fees and litigation expenses paid to Class Counsel, the amount of any service awards paid to the Class Representatives, any claim by any person or entity regarding or relating to representation of the Settlement Class by Class Counsel, to enforce the related injunction provisions of the Settlement and this Order and Judgment and after any remand after appeal or denial of any appellate challenge, any challenge made regarding any matter related to this litigation or this Settlement, and the conduct of any party or counsel relating to this litigation or this Settlement and all other issues related to this Action and Settlement.

Further, without limiting the foregoing, the Court retains continuing jurisdiction to:

A.   enforce the terms and conditions of the Settlement Agreement to resolve any disputes, claims, or causes of actions that, in whole or in part, are to or arise out of the Settlement Agreement, this Order and the Judgment (including, without limitation, determining whether a person is or is not a Settlement Class Member, and enforcing the permanent injunction that is a part of the Order and the Final Judgment), and determining whether claims or causes of action allegedly related to this case are barred by this Final Order and the Final Judgment;

B.   interpret the Settlement Agreement and any order entered by the Court in the Action;

C.   enter such additional orders as may be necessary or appropriate to protect or effectuate this Order and the Judgment, or to ensure an orderly administration of the Settlement;

1
2
3
4

      D.    preserve and protect the ability of the Settlement Class Members to exercise their rights under the Settlement Agreement, including their right to receive the Settlement Relief to which they are entitled under the terms and provisions of the Settlement Agreement; and

5
6
7
8

      E.    enter any other necessary or appropriate orders to protect and effect the Court's retention of continuing jurisdiction; provided however, nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights under the Settlement Agreement.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

      21.    No Admissions.  This Order and the Settlement Agreement's provisions, all other documents referenced herein or any actions taken to carry out this Order and the Judgment, and any negotiations, statements, or proceedings relating to them shall not be construed as, offered as, received as, used as, or deemed to be admissions of any kind, including in this Action, any other action, or in any other administrative, regulatory, or other proceeding, except for purposes of approval of the Settlement and the entry of judgment in the Action, to enforce implementation of the Settlement, or to support any defense by Unum on principles of *res judicata*, collateral estoppel, release, waiver, settlement, full faith and credit, setoff, or any theory of claim preclusion, issue preclusion, release, injunction, or similar basis to the extent allowed by law.  Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements, positions, notes, drafts, outlines, memoranda of understanding, or Court proceedings relating to the Settlement or Settlement approval, shall be offered as, received as, used as, or deemed to be evidence in any proceeding by any person, including but not limited to, as proof of any liability or wrongdoing whatsoever on the part of Unum, or as a waiver by Unum, of any applicable defense, including any limitation or applicable statute of limitation.

26
27
28

      22.    Disposition of Materials.  Materials produced or created during the proceedings related to the Action shall be disposed of as provided in the Settlement Agreement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

23. Dismissal of Action. This Action, including all individual and Settlement Class claims resolved in it, is dismissed on the merits and with prejudice without an award of attorneys' fees or costs to any party except as provided in this Court's Order.

The Motion for Final Approval of the Settlement is **GRANTED** on the terms set forth in this Order, and the Parties' counsel are directed to implement and consummate the Settlement according to the terms and provisions set forth in the Settlement Agreement.

IT IS SO ORDERED.

Dated: 7/5/16                      _____
                                    Honorable Dale Fischer
                                    United States District Judge